O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BRANDON ALEXANDER FAVOR,      )    NO. CV 14-6655-JGB (JEM)

          Petitioner,     )

     v.         )    **ORDER DISMISSING PETITION AND**
              )    **DENYING A CERTIFICATE OF**

PEOPLE OF THE STATE OF      )    **APPEALABILITY**
CALIFORNIA,         )

         Respondent.    )
_____ )

## INTRODUCTION

    On August 25, 2014, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court (the "August 2014 Petition" or "Petition") challenging his conviction in Los Angeles County Superior Court Case No. BA285265 on one count of first degree murder, two counts of attempted murder, and two counts of second degree robbery. For the reasons set forth below, the August 2014 Petition is dismissed without prejudice.

## DISCUSSION

    Petitioner already has pending in this Court a habeas petition pertaining to the same state court conviction, which was filed in the Southern District of California on May 30, 2014, and transferred to this Court in Case No. CV 14-4441-JGB (JEM) on June 4, 2014 (the "June 2014 Petition"). See Brandon Favor-El v. Daniel Paramo, Warden, Case No. 14-4441-JGB (JEM). The June 2014 Petition and the August 2014 Petition both challenge Petitioner's conviction and sentence in Los Angeles County Superior Court Case No. BA285265. "In cases in which a federal

habeas petitioner already has pending a federal habeas petition pertaining to the same state court conviction in the same court, dismissal is appropriate because the maintenance of a duplicative action serves no legitimate purpose." Armstrong v. Hedgpeth, 2008 WL 5111872 (C.D. Cal. 2008); see also Heidinger v. Yates, 2007 WL 1711776 (N.D. Cal. 2007) (dismissing habeas petition because petitioner already had habeas petition pertaining to same state court conviction pending in same court); Smith v. Louisiana, 2006 WL 1985467 (E.D. La. 2006) (even if construed as habeas petition, filing challenging convictions should be dismissed as duplicative since petitioner already has pending in same court a habeas petition involving same convictions).

The Court has construed the August 2014 Petition as a Motion to Amend the June 2014 Petition; thus, to the extent Petitioner is entitled to any relief on the claims in the August 2014 Petition, he can obtain that relief through the earlier-filed action. See Minute Order in Case No. 14-4441-JGB (JEM), filed December 1, 2014 (citing Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (if prior habeas petition still pending when subsequent habeas petition filed, court should construe subsequent petition as motion to amend prior petition)). Accordingly, maintenance of this duplicative action would serve no legitimate purpose, and it should be dismissed.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has reviewed Petitioner's contentions and is fully apprised of the relevant facts and law. For the aforementioned reasons, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2). Accordingly, the certificate of appealability should be denied.

/ / /

/ / /

/ / /

/ / /

## <u>ORDER</u>

Based on the foregoing, IT IS ORDERED THAT:

1.  The Petition is **dismissed without prejudice**;

2.  A Certificate of Appealability is **denied**.

DATED: <u>December 17, 2014</u>

_____
JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE